■ ZEIDERMAN & EDELSTEIN, P. C., Appellant, v BUDDY RICH, Respondent.—Order, Supreme Court, New York County, entered on September 12, 1977 denying plaintiff's motion for summary judgment is unanimously reversed, on the law, and plaintiff's motion is granted to the extent of partial summary judgment for the installments now due. Plaintiff shall recover of defendant $60 costs and disbursements of this appeal. In this action instituted by notice of motion for summary judgment in lieu of complaint plaintiff sues on a demand promissory note in the sum of $25,000, made, executed and delivered to plaintiff by defendant on April 30, 1976. By letter dated the same date defendant stated the note was delivered, "In consideration of work performed * * * I hereby reassume, after my bankruptcy, any debts for monies due you and your affiliated companies. * * * This $25,000 is in addition to your normal fees for Business Management and Accounting, and is to compensate you for setting up new accounting procedures". In opposition defendant submits a bankruptcy petition of his business corporation, dated December 23, 1975, and asserts, "All debts due to the plaintiff were then discharged in bankruptcy." The affidavit further alleges that since April, 1976 services performed "have been paid in regular course of business." The bankruptcy petition of the corporation lists a debt to plaintiff in the sum of $800 and also obligations to Lloyd Zeiderman & Associates and to Herzog Edelstein totaling $8,800.40. Even if all these debts were owed to plaintiff and were discharged in the corporate bankruptcy it would be of no avail to defendant. The bankruptcy pre-existed the note and letter. The debts listed are for a substantially lesser amount and are shown as corporate not individual obligations. Nor do the bankruptcy petitions of defendant and his wife, both dated December 23, 1975, aid him, since they do not list any obligations to plaintiff. Defendant has not shown that his indebtedness to plaintiff, evidenced by the letter and promissory note, was discharged in bankruptcy even assuming that the promissory note was partially intended to cover the indebtedness of the corporation in the lesser amount. Defendant has totally failed to assemble and lay bare the requisite facts to defeat a motion for summary judgment (Di Sabato v Soffes, 9 AD2d 297, 301). There is no triable issue. Plaintiff's counsel conceded on argument that plaintiff was entitled at this time to recover only the past due installments on the note in accordance with the letter of April 30, 1976. Settle order on notice. Concur—Silverman, J. P., Evans, Fein and Markewich, JJ.